

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 8, 1970

Honorable Donald C. Klein, P.E.  
Executive Director  
Texas State Board of  
  Registration for Pro-  
  fessional Engineers  
1400 Congress  
Room 200  
Austin, Texas 78701

Opinion No. M-548

Re: Whether the substitution of the word "affirmed" for "sworn upon oath" meets the legal requirements of Section 13 of the Texas Engineering Practice Act.

Dear Mr. Klein:

In your recent letter, you presented the following factual information:

"In a recent application to your Board for registration as a Professional Engineer, an applicant changed the wording of the required affidavit by crossing out 'sworn upon oath' and wrote in the word 'affirmed.'"

You requested an opinion from this office to advise you whether the substitution of the word "affirmed" for "sworn upon oath" meets the legal requirements of Section 13 of the Texas Engineering Practice Act, Article 3271, Vernon's Civil Statutes.

67 Corpus Juris Secundum 4, Oaths and Affirmations, Section 2 states:

"An oath is an appeal by a person to God to witness the truth of what he declares and an imprecation of Divine punishment or vengeance on him if what he says is false, and its purpose is to secure the truth...."

Section 3 reads:

"An affirmation is a solemn and formal declaration or assertion that an affidavit is true, that the witness will tell the truth, etc., this being substituted for an oath in certain cases."

Section 6, subsection b says:

"Effect should be given to constitutional or statutory provisions that an oath or affirmation shall be administered in the mode most binding on the conscience of the person sworn in...."

"....An affirmation, instead of an oath may be taken where the case falls within the scope and meaning of a constitutional or statutory provision permitting it...."

The Texas Engineering Practice Act requires in Section 13 that "Applications for Registration...shall contain statements made under oath, showing the applicants education...."

Article 23 of Vernon's Civil Statutes, Definition No. 4, provides that "Oath" includes Affirmation. Also, according to Definition No. 5 of Article 23 "swear" or "sworn" includes "affirm." Definition No. 18 of Article 23 says: "Affidavit means a statement in writing of a fact or facts signed by the party making it, and sworn to before some officer authorized to administer oaths..." (Emphasis added.)

Article 25, Vernon's Civil Statutes, reads as follows:

"All oaths and affirmations shall be administered in the mode most binding upon the conscience of the individual taking same and shall be subject to the pains and penalties of perjury."

Section 5 of Article I of the Constitution of Texas reads as follows:

"No person shall be disqualified to give evidence in any of the Courts of this State on account of his religious opinions, or for the want of any religious belief, but all oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury."

The answer to your question must be made in the affirmative.

### S U M M A R Y

An application for registration as a Professional Engineer in the State of Texas meets the legal requirements of Section 13 of the Texas Engineering Practice Act when the applicant changes the affidavit therein by marking out the words "sworn upon oath" and writing in their place the word "affirmed".

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam L. Jones, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Robert Giddings
Ivan Williams
Bill Corbusier
Gordon Cass

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant